United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD G. MATUSICH, et al.,<br><br>　　　　Defendants. | Case No.   5:21-cv-05761-EJD<br><br>**ORDER REJECTING CONSENT DECREE AND DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 17 |

Plaintiff Scott Johnson filed this action against Defendants Richard Matusich and Union Ave Group, Inc., asserting violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. Dkt. No. 1. On February 17, 2022, the parties submitted a consent decree for the Court's approval. Dkt. No. 17. The consent decree purports to be "a full complete, and final disposition and settlement of Johnson's claims against Defendants and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged" in the complaint. *Id.* ¶ 6. The consent decree further states that the parties agree that "no corrective work [i]s required to be performed" in accordance with the attached CASp expert report and that "Defendants agree to keep and maintain the premises in compliance with the accessibility laws." *Id.* ¶¶ 7-8. As to damages, attorneys' fees, and litigation costs and expenses, (i.e., the Unruh Act claim), the consent decree states that the parties had not yet reached agreement and would continuing negotiating and/or litigating those issues. *Id.* ¶ 9.

On March 24, 2022, the Court held a hearing at which it requested the parties' views on whether the ADA claim was moot and whether the Court should or should not exercise

Case No.:   5:21-cv-05761-EJD
ORDER REJECTING CONSENT DECREE AND DISMISSING ACTION
1

supplemental jurisdiction over the Unruh Act claim. Dkt. No. 28. Johnson did not dispute that the identified barriers had been remediated but argued that the ADA claim was not moot because the consent decree requires ongoing compliance with the law. Defendants contend that all parties agreed to the consent decree and the contents of the CASp report, and that the portion of the consent decree concerning ongoing compliance was nothing more than a promise to obey the law, which does not require the Court's supervision.

A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of Corr.*, 776 F.2d 851, 854 (9th Cir. 1985)). The parties' consent decree expressly agrees that no corrective work is required to bring the premises into compliance with accessibility laws. At the hearing, Johnson did not argue that any particular alleged violations were likely to recur. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) (stating that burden of establishing subject matter jurisdiction lies with the party asserting jurisdiction). Accordingly, the Court finds that the ADA claim is moot. *See Johnson v. Mo's TBJ Campbell LP*, No. 5:21-cv-01621-EJD, 2021 WL 4846855 (N.D. Cal. Oct. 18, 2021) (dismissing ADA claim as moot where defendants acted promptly to make structural changes to barriers).

As to Johnson's Unruh Act claim, which is solely predicated on an ADA violation, Dkt. No. 1 ¶¶ 45-49, Plaintiff argued at the hearing that the Court should retain supplemental jurisdiction. Plaintiff first asserted that requiring him to turn to the state courts for Unruh Act relief would deny him due process, but nevertheless acknowledged that he could obtain relief from a state court. Second, Johnson relied principally on a policy argument that declining to exercise supplemental jurisdiction in this situation would undermine the General Order 56 process and disincentivize parties from settling future ADA cases. The Court observes that the parties are free to pursue whatever litigation strategy they deem preferable, but that their counsel nevertheless

must comply with their obligations under Federal Rule of Civil Procedure 11. Fed. R. Civ. P 11(b) (stating that by presenting to the court any signed pleading, written motion, or other paper, counsel certifies that it is not being presented for any improper purpose; that the claims, defenses or other legal contentions are warranted; and that all factual contentions have evidentiary support); *see also* Northern District of California Guidelines for Professional Conduct[1] § 13 ("A lawyer should raise and explore the issue of settlement and alternative dispute resolution in every case as soon as the case can be evaluated."). Because Johnson has not provided a compelling argument for exercising supplemental jurisdiction, the Court declines to do so here and dismisses the Unruh Act claim. *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013) ("Where a state-law claim is based entirely on a mooted ADA claim, it follows that the state-law claim is mooted as well."); *see also Kohler v. Southland Foods, Inc.*, 459 F. A'ppx 617, 618–19 (9th Cir. 2011) (holding that an Unruh Act claim alone does not independently sustain federal court jurisdiction merely because the Unruh Act incorporates an ADA violation as an element); *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002 (same).

For the foregoing reasons, the Court rejects the parties' consent decree, which contemplates the unwarranted retention of supplemental jurisdiction. *Officers for Justice v. Civil Serv. Comm'n of City and Cnty. of S.F.*, 688 F.2d 615 630 (9th Cir. 1982) (district court must consider proposed consent decree as a whole and as submitted without deleting, modifying, or substituting provisions). The Court dismisses the ADA claim for lack of subject matter jurisdiction, and dismisses the Unruh Act claim without prejudice.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 25, 2022

EDWARD J. DAVILA
United States District Judge

---

[1] Available on the Court's website at: https://cand.uscourts.gov/forms/guidelines-for-professional-conduct/.